No. 22904.

Gay R. DeCaire and Richard K. DeCaire, each individually, and as parents of Tracey DeCaire, deceased, Richard L. DeCaire, and Karen DeCaire, by their mother and next friend, Gay R. DeCaire *v.* Public Service Company of Colorado.
(479 P.2d 964)

Decided January 18, 1971.

404

YEGGE, HALL, TREECE & EVANS, CHARLES W. JOHNSON, for plaintiffs in error.

LEE, BRYANS, KELLY & STANSFIELD, RICHARD W. BRYANS, ALFRED J. HAMBURG, for defendant in error.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

THIS litigation arose out of personal injuries suffered by Mr. and Mrs. DeCaire and two of their children and the death of the third child resulting from carbon monoxide poisoning caused by a defective furnace and heating system. The plaintiffs recovered jury verdicts against Public Service Company in the aggregate amount of

$6,650, allegedly caused by the negligent inspections of the heating system.

The trial court granted Public Service Company's motion for judgment non obstante veredicto. C.R.C.P. 50(b). As to the claim of the parents for the death of Tracey, the verdict was set aside on the ground that, "* * * the action is barred by 41-1-4 CRS 1963 which provides that an action for wrongful death shall be brought within two years from the commission of the alleged negligence resulting in the death for which suit is brought."

In its order the trial court noted that, "* * * the last act of Public Service Company relating to leaking of gas occurred on December 16, 1962, that the death of the child, Tracey, occurred October 30, 1963, and that the within action was filed on October 22, 1965, some two years and ten months after the alleged negligence."

The verdicts in favor of Mr. and Mrs. DeCaire and the surviving children were set aside on the ground that the Public Service Company had no duty to the plaintiffs which it had breached. The gist of the issue is found in these words of the court: "* * * If the Public Service Company was negligent, it was negligent as to the Co-Defendants Shattuck."

The Shattucks owned the house for the whole period during which the three Public Service Company service calls were made. They sold the house to Mr. and Mrs. DeCaire in June or July of 1963. The accident which resulted in the death and the injuries suffered by the four DeCaires occurred in October of 1963.

The plaintiffs filed a motion to set aside the judgment non obstante veredicto, but did not file a motion for new trial. The court denied plaintiffs' motion. The Public Service Company filed a motion in this court to dismiss the writ of error on the ground that no motion for new trial had been filed after the entry of the judgment notwithstanding the verdicts. We denied the

motion. Public Service Company has not abandoned this position, but has renewed its motion in its brief, still urging the dismissal of the writ of error.

■■ The plaintiffs by not filing a motion for new trial in effect elected to stand upon the record as made. Also, the Public Service Company by not filing a motion for new trial has not challenged the verdict of the jury. This limits our review to the single question of whether the trial court erred in granting the motion for judgment notwithstanding the verdicts. *Noland v. Colorado School of Trades, Inc.*, 153 Colo. 357, 386 P.2d 358.

Under this posture of the case, we are not confronted with the negligence issue. Consequently, our review is limited to two questions: (1) Whether the claim based on the death of Tracey was barred by the statute of limitations; and (2) Whether Public Service Company owed a duty to the plaintiffs in view of the fact that the service calls were made at the request of the Shattucks and were performed prior to the sale of the inspected premises by the Shattucks to the plaintiffs.

We hold that the statute of limitations had not run on the death claim. Also, under the circumstances of this case, we conclude that the Public Service Company owed a duty to the DeCaires upon which liability could be predicated.

## I. — *STATUTE OF LIMITATIONS*

■ C.R.S. 1963, 41-1-4, provides:

"All actions provided for by sections 41-1-1 to 41-1-3" (wrongful death) "shall be brought within two years from the commission of the alleged negligence resulting in the death for which suit is brought."

As indicated above, the trial court held that the statute barred recovery for the death of Tracey because the last act of Public Service Company relating to gas leakage occurred on December 16, 1962, the lethal leakage occurred on October 30, 1963, and this action was commenced on October 22, 1965, two years and ten months after the alleged negligence.

The action was commenced within two years of the date of the fatal injury. No claim or right of action existed by virtue of the negligent act alone. It arose when the negligence *resulted* in the injury which caused the death. *Kitchener v. Williams,* 171 Kan. 540, 236 P.2d 64; *Foley v. Pittsburgh-Des Moines Co.,* 363 Pa. 1, 68 A.2d 517.

Injury or damage to the person complaining is an essential element of *actionable negligence.* The plaintiffs could not have filed their suit predicated solely on defendant's negligent act. There must also be injury or damage. Negligence as used in the statute of limitations means the negligent act or acts which results in and gives rise to the death claim. In other words, until the claimant has been injured or damaged by the alleged negligence, the statute of limitations does not commence to run. This position is consistent with the philosophy and rule of law expressed in *Owens v. Brochner,* 172 Colo. 525, 474 P.2d 603. *See also City of Boulder v. Payne,* 162 Colo. 345, 426 P.2d 194.

We hold that under the facts of this case, the period of limitation did not commence to run until the *injury* occurred. Hence, the action was timely filed.

## II. — QUESTION OF DUTY-RESPONSIBILITY

We approach this question upon the assumption that Public Service Company was negligent. This is inherent in the verdicts returned by the jury in favor of the DeCaires. This negligence was predicated upon inspections made by Public Service Company prior to the purchase of the property by the DeCaires.

Although the situation here is one step removed from that which existed as to the Shattucks, nevertheless, the liability created by Public Service Company's undertaking to render the inspection services continued to exist as to third persons, such as the DeCaires.

No good reason appears to limit the liability, under the circumstances here, to the parties who requested the inspection. It was foreseeable in this age of

shifting populations that someone other than the Shattucks might be occupying the premises in the future. The unsafe condition remained after the Stattucks moved. The monoxide gas which escaped and injured the DeCaires escaped because of the condition which the Public Service Company's inspections failed to disclose or remedy for the Shattucks.

We find a factually similar situation in *Atkinson v. Wichita Gas Co.*, 136 Kan. 854, 18 P.2d 127, where a verdict in favor of a tenant was affirmed, the landlord having requested an inspection prior to renting the property to the plaintiff.

For additional examples of liability to third parties, *see Annot.* 6 A.L.R. 2d 292.

Restatement of Torts 2d § 324 A, in stating the law on this situation, says,

"One who undertakes, gratuitously or for a consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

"(a) his failure to exercise reasonable care increases the risk of such harm, or

"(b) he has undertaken to perform a duty owed by the other to the third person, or

"(c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

*See* cases cited in support of text, Restatement of Torts 2d, Appx. II, § 324 A, pp 52-54.

The situation here falls clearly under subsection (c). There can be no question that the Shattucks relied upon the results of the inspections by the Public Service Company.

■ We hold, therefore, that where one undertakes, gratuitously or for a consideration, to render services to another — which he should recognize as necessary for the protection of a third person — he is subject to lia-

bility to that third person for physical harm resulting from his failure to exercise reasonable care in carrying out his undertaking.

The judgment is reversed and remanded with instructions to reinstate the verdicts and enter judgment thereon.