554 P.2d 313 (1976)
Ernest CROWNOVER and Ernest Crownover, surviving spouse of Ardyce Crownover, Plaintiff-Appellant,
v.
Theodore K. GLEICHMAN, M.D., Defendant, and
Thomas Kennedy, M.D., Defendant-Appellee.
No. 75-543.
Colorado Court of Appeals, Div. II.
July 8, 1976.
Rehearing Denied July 29, 1976.
Certiorari Granted September 20, 1976.
*314 Mellman, Mellman & Thorn, P. C., Douglas W. Johnson, Denver, for plaintiff-appellant.
Paul D. Renner, Denver for defendant-appellee.
Selected for Official Publication.
COYTE, Judge.
Plaintiff, Ernest Crownover, appeals from the entry of summary judgment in favor of defendant, Thomas Kennedy, M. D., in an action for wrongful death. He contends that his action was not barred by the two-year statute of limitations for wrongful death actions, § 13-21-204, C.R.S. 1973. We affirm.
Plaintiff originally filed his complaint on September 12, 1973, naming Dr. Theodore K. Gleichman as a defendant. Then, as a result of information obtained through discovery proceedings, plaintiff, on October 24, 1974, filed a motion to join Dr. Thomas Kennedy as a party defendant in an action. That motion was granted, and on November 13, 1974, he was personally served with summons and an amended complaint.
Subsequently, in response to defendant's motion, the trial court entered summary judgment for defendant Kennedy on the ground that plaintiff had failed to initiate the action against defendant within the period specified in the applicable statute of limitations. Pursuant to C.R.C.P. 54(b), plaintiff appeals that judgment. The original action naming Dr. Theodore K. Gleichman as party defendant is still pending and is not before us on this appeal.
We note initially that while suit was instituted as early as September of 1973, Dr. Kennedy was not then named as party defendant; hence, the mere initiation of the law suit did not toll the statute of limitations as to the claims against him. See Hellerstein v. Mather, 360 F.Supp. 473 (D. Colo.1973).
The chronology of plaintiff's action is as follows: On or about July 19, 1971, the defendant examined X-rays of deceased but, it is alleged, negligently failed to discover a cancerous growth shown thereon; on April 26, 1972, an operation was performed on her, at which time a number of then untreatable malignancies were discovered in her body; she died on January 7, 1973; and, on November 13, 1974, this defendant was served in this wrongful death action.
The gravamen of plaintiff's argument on appeal is that the two-year statute of limitations for wrongful death actions, § 13-21-204, C.R.S.1973, commences to run on the date of death, and that consequently plaintiff's amended complaint against defendant was filed and served in a *315 timely manner. As authority for that argument, plaintiff relies on Fish v. Liley, 120 Colo. 156, 208 P.2d 930, which held that our wrongful death statute is not a "survival" statute, rather it creates a new cause of action. Thus plaintiff concludes that his cause of action for wrongful death did not accrue, and hence the statute of limitations could not commence to run, until the death had occurred. We disagree.
Section 13-21-204, C.R.S.1973, provides that:
"All actions provided for by sections 13-21-201 to XX-XX-XXX shall be brought within two years from the commission of the alleged negligence resulting in the death for which suit is brought." (emphasis supplied)
In construing such statutory language, the Supreme Court, in Franzen v. Zimmerman, 127 Colo. 381, 256 P.2d 897, held that plaintiff could not maintain a cause of action for damages for the death of her husband since suit was not commenced within two years after the commission of the alleged tort which eventually resulted in the death of the injured husband. See also Fish v. Liley, supra. Consequently, based upon the plain statutory language and the cases interpreting same, we hold that the statute of limitations in a wrongful death action begins to run on the date the damage or injury arising from the commission of the alleged negligence from which death later results becomes known or by reasonable care could have been discovered.
Plaintiff contends that this interpretation of § 13-21-204, C.R.S.1973, results in an anomalous situation; that is, where the statute of limitations begins to run prior to death, the cause of action could be barred before it ever arose. This he argues thwarts the obvious legislative intent to give survivors of a deceased, a cause of action for the death. Whatever the merits of this argument if directed at obtaining a legislative change in the statute, we find it without significance in the instant case. Also, as we rule below, the statute of limitations began to run as of April 26, 1972, thus a significant period for the limitation of plaintiff's lawsuit was available to plaintiff after his spouse's death on January 7, 1973.
Plaintiff argues that the recent decision in DeCaire v. Public Service Co., 173 Colo. 402, 479 P.2d 964 dictates a contrary result in the instant case. We disagree.
In that wrongful death action, the trial court held that the statute barred recovery for the carbon monoxide caused death of plaintiff's child because the last act of the defendant Public Service Company relating to gas leakage from a heating system (i.e., its last inspection of the defective heating system) occurred on December 16, 1962, the lethal leakage occurred on October 30, 1963, and the action was commenced October 22, 1965, two years and ten months after the date of the alleged negligent acts. On appeal, the Supreme Court held that the action was timely brought and stated that:
"No claim or right of action existed by virtue of the negligent act alone. It arose when the negligence resulted in the injury which caused the death." (emphasis supplied)
In further expanding on this theory, the court stated that negligence as used in the statute of limitations means the negligent act or acts which result in or give rise to the death claim. Hence, the rule of De-Caire, is that the statute of limitations begins to run when a party has been injured or damaged by negligent acts which simultaneously or later result in death. Plaintiff therefore reasons that, in the instant case, the injury suffered was death and that the statute of limitations commenced to run therefrom. We cannot concur in plaintiff's reasoning.
We find no inconsistency between the statement of our Supreme Court in DeCaire and our position in the instant suit. Here, if, for purposes of a wrongful death action, plaintiff's deceased were damaged by the alleged negligence of defendant, that damage occurred as of the date that the undiscovered malignancies became not amenable to treatment and hence fatal. That occurred, at the latest, on April 26, 1972, that *316 being the date that Ardyce Crownover learned of the deadly character of the previously undiscovered malignancies. Hence, at the latest, plaintiff was required to institute suit on April 26, 1974. And since the amended complaint against defendant was filed on November 14, 1974, commencement of suit was untimely and the action was barred.
This interpretation is consistent also with the language of § 13-21-202, C.R.S.1973. That statute provides as follows:
"When the death of a person is caused by a wrongful act, neglect, or default of another, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who ... would have been liable, if death had not ensued, shall be liable in an action for damages notwithstanding the death of the party injured." (emphasis supplied)
Thus, a plaintiff's right to pursue a wrongful death action is derived from and dependent upon the decedent's right to have maintained an action had death not ensued.
Judgment affirmed.
VanCISE, J., concurs.
SMITH, J., dissents.
SMITH, Judge (dissenting):
I respectfully dissent.
The majority has, in my view, based its decision on a literal interpretation of DeCaire v. Public Service Co., 173 Colo. 402, 479 P.2d 964, without adequately considering the underlying justification of that decision. Had the express wording of the statute, now § 13-21-204, C.R.S.1973, been literally interpreted in DeCaire, the suit by DeCaire would have been barred. There was no question that DeCaire filed his action much later than two years after the commission of the allegedly negligent act. The Supreme Court, however, reasoned that no claim or right of action existed by virtue of the negligent act alone, but that it was the injury which caused the death that completed the tort and gave rise to the cause of action.
Thus, the court in DeCaire, in my view, interpreted the statute, as a matter of public policy, in such a way as to insure that potential plaintiffs have a full two years to investigate and consider whether to file a lawsuit after they become aware that they may have a cause of action. A contrary holding would have created the possibility that a plaintiff's cause of action under the wrongful death statute might be extinguished before he suffered injury or had other cause to know of the negligent act.
Examination of the record in DeCaire shows that the decedent died the day following the injury which resulted from the negligent act. In light of that fact it did not matter whether plaintiff's cause of action was considered as accruing on the date of injury or the date of death. Hence, for the purposes of determining when negligence was complete, death occurred at substantially the same time.
Such is not the situation presented here. If plaintiff's cause of action accrued on the date of decedent's discovery of her injury, her husband has filed his action too late. If the cause of action accrued on the date of decedent's death, plaintiff has initiated his suit within the statute of limitations.
The majority insists that DeCaire should be rigidly interpreted. However it has not attempted to explain why we should strictly construe the words of the Supreme Court when to do so results in possibilities equally absurd as those which the Court by its liberal construction of the statute, avoided in DeCaire.
Plaintiff's spouse died on January 7, 1973. So far as defendant's liability is concerned, that date was entirely fortuitous. Had she not died until April 27, 1974, the rule adopted by the majority would foreclose plaintiff's suit for wrongful death, as barred by the statute of limitations, even before his spouse's death occurred. Therefore, the longer she lived, the shorter the statute of *317 limitations applicable to her spouse's cause of action for her wrongful death. I cannot bring myself to assist in the birth of such an absurd rule, especially since "death" is a prerequisite to, and essential element of, the action. An interpretation of the statute which results in foreclosure of the right to sue even before that right becomes viable is not acceptable to me.
I believe this court should heed the underlying policy of DeCaire and adopt the rule that plaintiff's cause of action did not arise until the alleged negligence had resulted in the death of his spouse. There is ample support for this position in the case. E.g., Western & Atlantic R.R. v. Bass, 104 Ga. 390, 30 S.E. 874; Bickford v. Furber, 271 Mass. 94, 170 N.E. 796, 70 A.L.R. 469; Coury v. General Motors Corp., 376 Mich. 248, 137 N.W.2d 134; Hoover's Administratrix v. Chesapeake & Ohio Ry., 46 W.Va. 268, 33 S.E. 224.
I would reverse the decision of the trial court and remand with directions to reinstate plaintiff's case.