Shirley **WEEDIN**, Administratrix of the Estate of Robert E. Weedin, and Julie Weedin and Jeffrey Weedin, minor children of Robert E. Weedin, Decedent, Plaintiffs,

v.

The **UNITED STATES of America and the City and County of Denver, Colorado; David Thompson, M.D.; Bob B. Sanders, M.D.; Jeffrey Rudikoff, M.D., as individuals, Defendants.**

Civ. A. No. 80–C–327.

United States District Court, D. Colorado.

March 11, 1981.

Cathlin Donnell, Kelly, Haglund, Garnsey, Kahn & Donnell, Denver, Colo., for plaintiffs.

C. Scott Crabtree, Asst. U. S. Atty., Paul E. Scott, Johnson & Mahoney, P. C., Douglas E. Best, Hansen & Breit, P. C., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

The plaintiffs in this case seek damages for wrongful death pursuant to section 13–21–202, C.R.S.1973, claiming that the decedent's death was caused by medical malpractice. The case is now before the Court on a motion for summary judgment filed by the defendants City and County of Denver, Sanders, and Rudikoff. Jurisdiction is based on 28 U.S.C. sections 1332 and 1346(b).

The motion for summary judgment is based on the statute of limitations. The amended complaint alleges that the decedent died February 22, 1978, as the result of the defendants' negligence. The initial complaint was not filed until March 11, 1980, and the amended complaint, which for the first time named the individual physicians as defendants, was not filed until March 19, 1980. Because the action was not commenced until more than two years after the decedent died, the moving defendants argue that there is no genuine issue of material fact regarding the timeliness of the action.

The United States Court of Appeals for the Tenth Circuit has recently reaffirmed the long-standing principle that summary judgment should not be granted, especially in this context, unless it is quite clear that there is no genuine issue of material fact. *Williams v. Borden, Inc.*, 637 F.2d 731 (10th Cir. 1980). In analyzing an Oklahoma statute of limitations, the Tenth Circuit stressed that all possible inferences in favor of the party opposing summary judgment must be considered. It is with this oft-repeated admonition in mind that this Court must approach the pending motion.

First, there has been some uncertainty throughout the briefing and argument of this motion whether the wrongful

death statute of limitations—section 13–21–204, C.R.S.1973, as amended—or the medical malpractice statute of limitations—section 13–80–105, C.R.S.1973, as amended—applies to this case. It is quite apparent, however, from both a logical analysis of the statutes and from Colorado case law, that the wrongful death statute of limitations controls this case. A malpractice claim and a wrongful death claim are two entirely separate claims, each held by different parties and each defined and governed by different law. Since Colorado law does not recognize the existence of a wrongful death action other than that created and defined by statute, necessarily the special statute of limitations made part of the wrongful death act applies to wrongful death actions arising from alleged medical malpractice, absent a specific, valid exception provided by the legislature.[1] The language of section 13–21–204 supports this conclusion, stating that it applies to "[a]ll actions provided for by this part 2 [the wrongful death act]."

Colorado cases have followed this logic, as demonstrated most recently in *Crownover v. Gleichman*, 194 Colo. 48, 574 P.2d 497 (1978), *cert. denied*, 435 U.S. 905, 98 S.Ct. 1450, 55 L.Ed.2d 495 (1978).[2] Although the Colorado Supreme Court did not, in *Crownover*, address the issue raised in this case, its opinion construed the wrongful death statute of limitations as it applied to an action for alleged medical malpractice resulting in death. It thus appears that, in the instant case, this Court's analysis need only concern the wrongful death statute of limitations, as it applied to this case.

The next question is whether, on the basis of the record now before the Court, section 13–21–204 bars this action. That section, as amended to apply to actions filed on or after June 7, 1979, provides as follows:

"All actions provided for by this part 2 [sections 13–21–201, *et seq.*] shall be brought within two years after the commission of the alleged negligence resulting in death for which the suit is brought or within one year after the death for which suit is brought, whichever is later."

In *Crownover v. Gleichman, inter alia,* the Court held that the wrongful death statute of limitations began to run when the plaintiff discovered or with reasonable diligence should have discovered the alleged negligence upon which the suit was based. The Court thus at least implicitly adopted, for wrongful death actions, the same "discovery" rule that had previously been applied to medical malpractice actions not involving deaths. *See, e. g., Owens v. Brochner,* 172 Colo. 525, 474 P.2d 603 (1970), *cited in Crownover v. Gleichman,* 574 P.2d at 499. Nothing in the subsequent amendments to section 13–21–204 indicates that this reasoning no longer applies.

Based on the foregoing analysis, the next question before this Court is whether this action was filed within two years after the plaintiffs discovered or with reasonable diligence should have discovered the negligence upon which the suit is based. If the record before the Court indicates that there is a genuine issue of material fact as to that question, then the motion for summary judgment must be denied.

The defendants' motion for summary judgment relies exclusively on the fact that *on the face of the pleadings* it appears that this case was filed more than two years after the decedent died, and that the complaint does not state when the plaintiffs first discovered the alleged negligence. There are no affidavits or other appropriate documents which indicate that the plaintiffs immediately became aware of the alleged negligence when the decedent died, or that, through the exercise of reasonable diligence, they should have become aware of it.

1. Compare, for example, section 13–80–127, C.R.S.1973, as amended, the special statute of limitations for actions against architects, contractors, and builders. That statute expressly states that it applies to all actions, *including* wrongful death actions.

2. Although the principal holding of the majority opinion in *Crownover* was later negated by amending section 13–21–204, those amendments do not affect the validity of the proposition for which the case is cited here—*i. e.,* simply the *applicability* of section 13–21–204.

On the present state of the record, the defendants have done no more than raise the statute of limitations defense; they have not done enough to entitle them to summary judgment. The statute of limitations provides an *affirmative* defense. Since the plaintiffs' complaint is not required to anticipate any particular affirmative defense, the fact that the amended complaint indicates a greater than two year gap between the decedent's death and the filing of the complaint is not, as the defendants assert, necessarily fatal. By filing an answer asserting the defense, the defendants have put the matter in issue, but without more they cannot preclude the plaintiffs from having the opportunity to present evidence that the malpractice was not discovered or that the statute was otherwise tolled. Although the plaintiffs could have clarified the issue by filing an affidavit in opposition to the motion for summary judgment, they were not required to do so when the defendants based their motion solely on the pleadings.[3] Unless the defendants file a motion for summary judgment supported by appropriate evidence, the factual issues have been adequately raised and preserved for trial.

In accordance with the foregoing, it is

ORDERED that the motion for summary judgment is denied. IT IS FURTHER ORDERED that the defendants' motion for additional oral argument is also denied.

---

**3.** While the plaintiffs have not presented actual evidence, they have stated in their brief that the alleged negligence was not discovered, at the earliest, until they received and reviewed an autopsy report some time after the decedent's death. Plaintiffs have not supported this statement with an affidavit.