Gail V. SHARP and Stephen A. Sharp,
Plaintiffs-Appellants,

v.

KAISER FOUNDATION HEALTH PLAN OF COLORADO; Colorado Permanente Medical Group; and Paul D. Speidel, Defendants-Appellees.

No. 83CA1469.

Colorado Court of Appeals,
Div. III.

June 27, 1985.

Rehearing Denied Aug. 1, 1985.

Certiorari Granted Dec. 9, 1985.

McDermott, Hansen, Anderson & Reilly, William J. Hansen, Gerald P. McDermott, Denver, John R. Olsen, P.C., John R. Olsen, Boulder, for plaintiffs-appellants.

Hansen & Breit, P.C. (on the briefs), Douglas E. Best, Cooper & Kelley, P.C., Frank R. Kennedy, Denver, for defendant-appellee Kaiser Foundation Health Plan of Colorado.

Johnson, Mahoney & Scott, P.C., Brian J. Lampert, Robert Ruddy, Karen B. Best, Paul E. Scott, Collie E. Norman, Denver, for defendants-appellees Colorado. Permanente Medical Group and Paul D. Speidel.

Williams, Trine, Greenstein & Griffith, P.C., Joel H. Greenstein, J. Conard Metcalf, Boulder, amicus curiae Colorado Trial Lawyers' Association.

Hall & Evans, Carol M. Welch, Denver, amicus curiae Colorado Defense Lawyers' Association.

TURSI, Judge.

In this medical malpractice case, plaintiffs, Gail Sharp and Stephen Sharp, appeal a summary judgment in favor of defendants, Kaiser Foundation Health Plan of Colorado, Colorado Permanente Medical Group, and Paul D. Speidel, M.D. Dr. Speidel is an internist with Colorado Permanente Medical Group at the medical facility of Kaiser Foundation Health Plan of Colorado. We reverse and remand for trial on the merits.

I.

For purpose of reviewing the trial court's granting of summary judgment, the defendants do not contest that plaintiffs presented a factual question of defendants' negligence. Thus, the sole issue on appeal is whether plaintiffs presented sufficient evidence to create a factual question whether defendants' negligence was a cause of the myocardial infarction (heart attack) suffered by Mrs. Sharp.

Plaintiffs endorsed an expert medical witness to testify as to negligence and causation. The deposition and affidavit of plaintiffs' expert contained testimony that Mrs. Sharp (admittedly a known high risk candidate for coronary problems) was negligently misdiagnosed as having stable rather than unstable angina and that had she received different or more prompt medical treatment her chances of suffering a heart attack would have been reduced.

The substance of the expert's testimony can be summarized as follows: Regardless of the course which Mrs. Sharp's angina would have followed, it is more probable than not that with adequate treatment she would not have sustained a heart attack. On a statistical basis, 15% of all patients with unstable angina who are appropriately treated with medical or surgical care will still sustain a heart attack over the short term. Patients with unstable angina who do not receive appropriate medical treatment appear to have a risk factor of approximately 35 to 40%.

In granting defendants' motion for summary judgment the trial court found that

plaintiff's expert was unable to testify to a reasonable degree of medical probability that defendants' alleged negligence was the proximate cause of Mrs. Sharp's heart attack. The court determined, accordingly, that plaintiffs had not presented evidence that "but for" the failures in treatment Mrs. Sharp would not have had the heart attack.

■ Plaintiffs contend that the standard of proof test which the trial court should have applied, under the facts here, is whether defendants' negligence was a substantial factor in causing injury and damage to plaintiffs. Plaintiffs argue that in applying the substantial factor test of causation to a misdiagnosis and treatment case, the jury should be allowed to decide the issue of causation because there is expert testimony that defendants substantially increased plaintiff's risk of the resulting harm or substantially diminished the chance of recovery. Since Mrs. Sharp's chances of a heart attack, under this evidence, was more than doubled, we agree.

■ A defendant's conduct is a substantial factor where it is of sufficient significance in producing the harm as to lead reasonable persons to regard it as a cause and to attach responsibility. *See Ekberg v. Greene*, 196 Colo. 494, 588 P.2d 375 (1978); *Moore v. Standard Paint & Glass Co.*, 145 Colo. 151, 358 P.2d 33 (1960). *See also* Restatement (Second) Torts § 431 comment a (1965); W. Prosser & W. Keeton, *Torts* § 42 (5th ed.1984). Unless the facts are undisputed and reasonable minds can draw only one conclusion from them, the determination of negligence and proximate cause is always a question of fact for the jury. *Ferguson v. Gardner*, 191 Colo. 527, 554 P.2d 293 (1976). *See also Metropolitan Gas Repair Service, Inc. v. Kulik*, 621 P.2d 313 (Colo.1980).

## II.

Since we remand this matter to the trial court for further proceedings, we must address an issue which, in all probability, will arise at trial. That issue is whether plaintiffs may be awarded damages because defendants' negligence was a cause which increased the risk of the heart attack suffered by Mrs. Sharp or, conversely, whether plaintiffs may recover damages for the loss of the improved chances that no heart attack would have occurred had defendants not been negligent.

Defendants argue that the expert's testimony is too speculative and conjectural to establish that it was "more probable than not" that the alleged misdiagnosis and treatment either caused Mrs. Sharp's heart attack or substantially increased her risk of an attack. Defendants also argue that Colorado should not adopt a cause of action for increased risk of harm.

The questions that will face the trial court on remand are clearly and concisely addressed in the excellent article, King, *Causation, Valuation, and Chance in Personal Injury Torts Involving Preexisting Conditions and Future Consequences*, 90 Yale L.J. 1353 (1981). We also find Restatement (Second) Torts § 323 A (1965) persuasive in this context. That Restatement section provides:

> "One who undertakes, gratuitously or for consideration to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if (a) his failure to exercise such care increases the risk of such harm."

Our supreme court adopted Restatement (Second) Torts § 324 A in *DeCaire v. Public Service Co.*, 173 Colo. 402, 479 P.2d 964 (1971). Section 324 A extends the scope of the duty imposed by Section 323 A to third persons.

In *Hicks v. United States*, 368 F.2d 626 (4th Cir.1966) the court stated:

> "When a defendant's negligent action or inaction has effectively terminated a per-

son's chance of survival, it does not lie in the defendant's mouth to raise conjectures as to the measure of the chances that he has put beyond the possibility of realization.... Rarely is it possible to demonstrate to an absolute certainty what would have happened in circumstances that the wrongdoer did not allow to come to pass. The law does not in the existing circumstances require the plaintiff to show to a certainty that the patient would have lived had she been hospitalized and operated on promptly."

Where, as here, the very interest which defendant was hired to protect is at issue, we find this reasoning appropriate to plaintiffs' burden of proving that defendants' misdiagnosis and lack of treatment increased Mrs. Sharp's risk of suffering a heart attack.

■ Once a plaintiff has introduced evidence that a defendant's negligent act or omission substantially increased the risk of harm to a person in plaintiff's position, and that the harm in fact has been sustained, it becomes a question of fact for the jury to determine whether that increased risk of harm was a substantial factor in producing the harm. *See City of Longmont v. Swearingen*, 81 Colo. 246, 254 P. 1000 (1927); *see also Hamil v. Bashline*, 481 Pa. 256, 392 A.2d 1280 (1978).

Citing *Cooper v. Sisters of Charity of Cincinnati, Inc.*, 27 Ohio St.2d 242, 272 N.E.2d 97 (1971), defendants would have us adopt a rule that a plaintiff has failed to establish a prima facie case if his evidence is not sufficient to support a finding that the chance of avoiding the harm, absent defendant's negligence, was over 50%. Such a rule sets an arbitrary percentage threshold and fails to deter negligent conduct in cases where chances of survival or recovery are less than 50 percent. *See Aasheim v. Humberger*, 695 P.2d 824 (Mont.1985); *Thompson v. Sun City Community Hospital, Inc.*, 141 Ariz. 597, 688 P.2d 605 (1984).

■ If a plaintiff's evidence permits a finding that the defendant's negligence in-

creased the risk of harm or deprived plaintiff of some significant chance to avoid further harm, it is left to the jury to decide whether there is a probability that defendants' negligence was a cause in fact of that loss. *Thompson v. Sun City Community Hospital, Inc., supra; Hamil v. Bashline, supra.*

■ Even though plaintiffs' evidence shows that Mrs. Sharp had less than a 50% chance of suffering a heart attack, her expert's testimony that her chances of suffering a heart attack were increased by 20 to 25% is sufficient evidence of causation in fact to allow a jury to consider whether defendants' failure properly to treat Mrs. Sharp was a substantial factor in causing her injuries. *See* W. Prosser, *Torts* §§ 31 and 41 (4th ed. 1971); *see also Herskovits v. Group Health Cooperative of Puget Sound*, 99 Wash.2d 609, 664 P.2d 474 (1983). Therefore, we hold that because the protection from the risk of heart attack was within the range of the duty owed by the defendants to plaintiffs, the jury must be allowed to consider the increased risk of that harm as a factor in assessing Mrs. Sharp's injuries and in evaluating plaintiffs' damages. *Thompson v. Sun City Community Hospital, Inc., supra; see also Wheeler v. County of Eagle*, 666 P.2d 559 (Colo.1983).

Accordingly, summary judgment is reversed, and the cause is remanded for trial on the merits.

STERNBERG and METZGER, JJ., concur.