WHEATRIDGE LUMBER COMPANY, INC., A Colorado corporation and Charles F. Potuzak, an individual, Plaintiffs–Appellants,

v.

VALLEY WATER DISTRICT, Defendant–Appellee.

No. 88CA1584.

Colorado Court of Appeals, Div. IV.

Nov. 2, 1989.

Rehearing Denied Dec. 7, 1989.

Certiorari Denied April 2, 1990.

Weller, Friedrich, Ward & Andrew, Sheryl L. Anderson and Stephen J. Baity, Denver, and George W. Boyle, II, Arvada, for plaintiffs-appellants.

Anderson, Campbell and Laugesen, P.C., Edward H. Haffey and Georgia N. Parker, Denver, for defendant-appellee.

Opinion by Judge NEY.

Plaintiffs, Wheatridge Lumber Company Inc. and Charles F. Potuzak (Wheatridge), appeal a summary judgment entered in favor of defendant, Valley Water District. We reverse.

The issue on appeal is whether the trial court erred in dismissing plaintiffs' claims on summary judgment by concluding that the Water District owed no duty to plaintiffs because the plaintiffs' property was not within the District boundaries.

It is undisputed that firemen from a fire district within which plaintiffs' property was located responded to a fire at plaintiffs' property that was situated just outside the Water District's boundary. When the firemen attempted to use one of the Water District's hydrants they discovered it was dry. Plaintiffs claim that they suffered damage as a result of the Water District's negligence in maintaining and inspecting the fire hydrant.

Plaintiffs assert that the trial court erred in granting summary judgment based on its finding that plaintiffs' property was outside the Water District boundaries. We agree.

We conclude that the trial court erred in dismissing plaintiffs' cause of action since material factual issues remained for determination. An employee of the Water District testified in his deposition that the fire hydrant had been installed in response to the fire district's request specifically for protection of the plaintiffs' lumber company. If the Water District located the hydrant at the request of the fire district for the protection of plaintiffs' property, and the fire district relied upon

that action to protect property within its boundaries, although outside the boundaries of the Water District, then it may have assumed a duty to the fire district to have water available at the hydrant.

In such circumstances, the Water District may be subject to liability to the plaintiffs pursuant to Restatement (Second) of Torts § 324A (1965) first adopted in *DeCaire v. Public Service Co.*, 173 Colo. 402, 479 P.2d 964 (1971). That Restatement section provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

The defendant's duty to plaintiffs is a question of law that depends upon the resolution of factual issues raised by plaintiffs in response to defendant's motion for summary judgment. *See Metropolitan Gas Repair Service, Inc. v. Kulik*, 621 P.2d 313 (Colo.1980). A party against whom summary judgment is sought is entitled to the benefit of all favorable inferences that may be drawn from the facts. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo. 1988). The factual issues must ultimately be determined by the trier of fact. Hence, disposition of the action by summary judgment was improper.

The summary judgment is reversed and the cause is remanded to the trial court for further proceedings.

CRISWELL and HUME, JJ., concur.