**Raymond MILLER, Plaintiff,**

v.

**CELOTEX CORPORATION (Successor to Philip–Carey Manufacturing Corporation), a Delaware corporation; Eagle–Picher Industries, Inc., an Ohio corporation; the Keene Corporation (Successor to Baldwin–Ehert Hill Corporation, Baldwin–Ehert Hill Company, Ehert Magnesia Corporation Company, Keene Building Products Corporation, and Mundet Cork Company), a Delaware corporation; and Owens–Illinois, Inc. (Successor to Owens–Illinois Glass Company), an Illinois Corporation, Defendants.**

**Civ. A. No. 87–B–851.**

United States District Court, D. Colorado.

March 13, 1989.

J. Conard Metcalf, Williams, Trine, Greenstein & Griffith, P.C., Boulder, Colo., for plaintiff.

Jack Kent Anderson, Anderson, Campbell & Laugesen, P.C., Richard B. Caschette, Cooper & Kelly, Denver, Colo., William D. Meyer, Hutchinson, Black, Hill & Cook, Boulder, Colo., Mark Wielga, Ballard, Spahr, Andrews & Ingersoll, Ronald H. Shear, Tilly & Graves, Denver, Colo., for defendants.

### MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

On June 9, 1987, plaintiff filed his complaint for damages. He alleges that as a proximate result of his exposure to defendants' defective and unreasonably dangerous asbestos products, he has developed asbestosis, an asbestos related disease. He further alleges that he has an increased risk of developing lung cancer, pleural mesothelioma, peritoneal mesothelioma, laryngeal carcinoma, cancer of the alimentary canal and digestive tract, and cancer of the kidney, also proximately caused by inhalation and ingestion of asbestos dust and fibers. Jurisdiction exists pursuant to 28 U.S.C. § 1332.

Defendants move for summary judgment pursuant to Fed.R.Civ.P. 56 contending that as a matter of law the applicable Colorado statute of limitations expired before plaintiff filed his complaint. I agree and will therefore grant the motion.

In this federal diversity action the law of Colorado applies. *See Brady v. Hopper,* 751 F.2d 329 (10th Cir.1984). It is undisputed that the applicable statute of limitations is Colo.Sess.Laws 1977, ch. 199, § 13–80–127.5(1) at 819, which provides:

"Notwithstanding any other statutory provisions to the contrary, all actions except those governed by section 4–2–725, C.R.S.1973, brought against a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought, for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formula, installation, preparation, assembly, testing, packaging, labeling, or sale of any product, or the failure to warn or protect against a danger or hazard in the use, misuse, or unintended use of any product, or the failure to provide proper instructions for the use of any product *shall be brought within three years after the claim for relief arises and not thereafter.*" (Emphasis added)

The key issue here is when, under § 13–80–127.5(1), a "claim for relief arises." Colorado appellate courts have consistently applied the "discovery" rule to a variety of claims to determine when an action accrues to begin the running of the applicable statute of limitations. *See Financial Associates, Ltd. v. G.E. Johnson Construction Company, Inc.,* 723 P.2d 135 (Colo.1986) (construction defects); *Mastro v. Brodie,* 682 P.2d 1162 (Colo.1984) (medical malpractice action based on lack of informed consent); *Owens v. Brochner,* 172 Colo. 525, 474 P.2d 603 (1970) (in a professional negligence case the cause of action accrues when the patient discovers, or in the exercise of reasonable diligence should have discovered, the doctor's negligence); *Boyd v. A.O. Smith Harvestore Products, Inc.,* —— P.2d —— (Nos. 85CA1063 and 86CA0526, January 23, 1989) (defective silo

system); *Morris v. Geer,* 720 P.2d 994 (Colo.App.1986) (legal malpractice).

Plaintiff correctly asserts that the statute of limitations begins running when a claimant has knowledge of facts which put a reasonable person on notice of the injury and that the injury was caused by the wrongful conduct of another. *Mastro v. Brodie, supra.* However, the focus is on a claimant's knowledge of facts rather than on discovery of specific applicable legal theories; *Id.* at 1168.

Whether a plaintiff knew or with reasonable diligence should have known of a cause of action is normally a question of fact for the jury. *See Maughan v. SW Servicing, Inc.,* 758 F.2d 1381 (10th Cir. 1985) (under Utah law in cases involving suspected carcinogenics, the statute must be tolled until the plaintiff knows or should know of facts supporting the likelihood that one particular suspected carcinogen was the cause of his cancer and has identified the likely source of his exposure of that carcinogen). However, where there is no genuine issue of material fact that a plaintiff discovered or reasonably should have discovered a defendant's wrongful conduct as of a particular date, the issue may be decided as a matter of law. *Morris v. Geer, supra; cf, Mastro v. Brodie supra; City of Aurora v. Bechtel Corp.,* 599 F.2d 382 (10th Cir.1979).

Fed.R.Civ.P. 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Summary judgment is appropriate when the court concludes that no reasonable juror could find for the nonmoving party based on the showing made in the motion and response. *Matsushita Electric Industrial Co. v. Zenith Radio Corp., supra.* The party resisting a summary judgment motion must

present sufficient persuasive evidence so that a reasonable juror could find for him. *Id.* It is the nonmoving party's burden to show that there are genuine issues of material fact to be determined. *Celotex Corp. v. Catrett, supra.* Evidence that is merely colorable or not significantly probative is inadequate to withstand a summary judgment motion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The materials submitted on defendants' motions for summary judgment show the following. By answers to interrogatories plaintiff states that he was an insulator from 1946 to 1950 and a member of the Asbestos Workers Local No. 32, Newark, New Jersey. During this time he knew that products manufactured and sold by defendants contained asbestos, but did not know that asbestos was dangerous. No precautions were then taken for asbestos use and there were no warnings about the hazards of asbestos. Plaintiff became aware of the hazards of asbestos from newspaper reports in the late 1970's.

By a February 17, 1989 letter, plaintiff's counsel served his answers to interrogatories submitted in July 1987. Interrogatory 26 asks when plaintiff was first examined by any physician for the purpose of determining if plaintiff is suffering from any type of asbestos-related disease. Plaintiff answered that he was examined and *diagnosed* by Dr. Bruce Brian of St. Joseph's Hospital in 1984. Interrogatory 27 asks when plaintiff was first diagnosed with any asbestos-related disease. Plaintiff answered by referring to number 26.

On June 27, 1988 plaintiff gave contradictory answers to these interrogatories. Interrogatory 23 asks when plaintiff first developed any symptoms he now associates with asbestos inhalation. The answer is 1985. Interrogatory 24 asks when plaintiff was first examined by a physician to determine if he had an asbestos related disease. His answer is May 1987 by Dr. Teitelbaum at The Denver Clinic. Interrogatory 25 asks when plaintiff was first diagnosed with any asbestos related disease. The

answer is April 29, 1987 [sic] by Dr. Teitelbaum.

At pp. 10–11 of plaintiff's November 30, 1987 deposition, he gave the following answers to the following questions:

Q. Who first diagnosed you with asbestosis, if anyone?

A. The first one that really told me I had asbestos in my lungs was Brian.

Q. I didn't say asbestos in the lungs now.

A. Asbestosis, *right.*

Q. Almost everybody has some asbestos in their lungs. The questions is: have you ever been diagnosed with asbestosis?

A. Yeah

Q. Who diagnosed you with asbestosis?

A. I don't—I can't—I'm not sure.

Q. Do you know when it was?

A. The one that really laid it on the line was Dr. Teitelbaum.

Q. And when was this, first of all?

A. This was, I think, about maybe a year and a half to two years ago.

Q. And you say he laid it on the line?

A. He told me exactly that I had asbestosis of the lungs. And I never did know exactly what I had, really.

The only 1984 report in Dr. Brian's file is dated April 10, 1984 from Dr. Brubaker stating the following impression: "pleural thickening with associated calcification of posterior aspects of both hemithoraces showing no significant change since 10/19/83."

An earlier consultation report to Dr. Brian from Dr. Holt on October 19, 1983 reflects the impression of:

"Diffuse pleural thickening posterior to both hemithoraces which is calcified consistent with asbestosis.

"There is one area in the right hemithorax best appreciated on slide 15 which is more nodular on this exam than it was on the study done in 1981 and is somewhat worrisome, although I cannot definitely make the diagnosis of mesothelioma."

The study done in 1981 is reflected in a report from Dr. Shealy to Dr. Brian dated

October 14, 1981. The impression stated there is that:

"The exam demonstrates diffuse pleural thickening and calcification of the chest due to asbestosis. The pleural thickening seen on this exam is nonspecific, however, a mesothelioma cannot be excluded. No mediastinal, hilar or pulmonary mass is identified."

Dr. Brian's file contains his October 2, 1981 report of plaintiff's history of significant exposure to asbestos from 1945 to 1951 when working with asbestos insulation. The impression there stated was "pleural fibrosis and pleural calcification, secondary to asbestos exposure probably." Dr. Brian then recommends that plaintiff have fluoroscopy of the pleura with CT scan of the pleura for future reference and routine yearly chest x-rays thereafter with detailed review of the films for any abnormalities. Dr. Brian concludes by saying that he has discussed these recommendations with plaintiff.

Plaintiff cannot create a genuine issue of material fact by giving inconsistent discovery. In light of his answers to the July 1987 interrogatories corroborated by the data in Dr. Brian's file I conclude that there is no genuine issue of the material fact that probably in September 1981, and certainly no later than April 1984, plaintiff knew or reasonably should have known that he had asbestosis and at least the potentially progressive condition of pleural fibrosis and pleural calcification caused by exposure to defendants' asbestos products. Plaintiff then knew, at least generally, of the hazards posed by his exposure to asbestos products manufactured by these defendants. Although plaintiff may not have become aware of his injury and its cause simultaneously, when plaintiff learned that his long term exposure to defendants' asbestos products caused his diagnosed condition, the requisite causal nexus was forged to establish notice of his claim. *See Mastro v. Brodie, supra.* He was thus on notice that his rights had been violated. *See Elmore v. Owens–Illinois, Inc.,* 673 S.W.2d 434 (Mo.1984); *Raymond v. Eli Lilly & Company,* 117 N.H. 164, 371 A.2d 170 (1977).

Plaintiff relies on *Financial Associates, Ltd. v. G.E. Johnson Construction Company, Inc., supra* and *Boyd v. A.O. Smith Harvestore Products, Inc., supra* for the proposition that he must have also been aware of the specific asbestos defect of "failure to warn" before the statute of limitations began to run. This reliance is misplaced.

First, the court in *Financial Associates, Ltd.* construed a separate and distinct statute of limitations that provided in pertinent part that: "All actions against any architect, contractor, builder, or builder vendor, engineer or inspector ... shall be brought within two years after the claim for relief arises." Section 13–80–127(1)(a), C.R.S. (1987 Supp). Subsection (1)(b) explains that "a claim for relief arises under this section at the time the damaged party discovers or in the exercise of reasonable diligence should have discovered the *defect* in the improvement which ultimately causes the injury when such *defect* is of a substantial or significant nature" (Emphasis. added). Thus, the court's inquiry concerning the date upon which this two year limitation period begins to run focused on the discovery of the "defect" which caused the claimed injuries. *Financial Associates, Ltd. v. G.E. Johnson Construction Co., supra; see also Criswell v. M.J. Brock and Sons, Inc.,* 681 P.2d 495 (Colo.1984). No similar language relating to discovery of a "defect" appears in the statute applicable here. This critical distinction was not addressed by the court in *Boyd v. A.O. Smith Harvestore Products, Inc., supra* in construing § 13–80–127.5 and, in any event, the rule of that case is limited by its specific facts.

More importantly, however, as a matter of law what is critical in determining when a products liability action accrues under § 402A of the Restatement 2d of Torts as adopted in Colorado is knowledge of the *facts* essential to the cause of action, not knowledge of the *specific legal theory or defect* giving rise to a claim upon which such an action may be brought. *See Mastro v. Brodie, supra; Morris v. Geer, su-*

*pra.* Moreover, although a difference of medical opinion may exist whether in fact plaintiff had asbestosis by April 1984, and whether pleural fibrosis and pleural calcification is a disease, what is *material* is whether plaintiff knew or reasonably should have known of the general nature and extent of his injury. *Mastro v. Brodie, supra.*

Focus on plaintiff's knowledge of the facts here leads me to conclude that a reasonable person would be on notice of the general nature of the injury and that the injury was caused by wrongful conduct of the asbestos product manufacturers. *Mastro v. Brodie, supra; Morris v. Geer, supra.* As a matter of law, plaintiff's claim arose in September 1981, and no later than April 1984, when he knew or reasonably should have known of facts essential to his claim against defendants. I conclude that plaintiff has failed to present sufficient persuasive evidence for a reasonable jury to rule in his favor on the running of the statute of limitations. *See Matsushita Electric Industrial Co. v. Zenith Radio Corp., supra; Anderson v. Liberty Lobby, Inc., supra.* Accordingly, the statute of limitations on his claim began to run in September 1981 and no later than April 1984. Because his action was not brought until June 1987, I hold that his claim is barred. *See* Colo.Sess.Laws 1977, ch. 199, § 13–80–127.5(1) at 819.

Because the issue is not before me, I express no opinion whether manifestation of a plaintiff's benign asbestos related condition triggers the running of the statute of limitations on any later manifested malignant asbestos related disease engendered by the same asbestos exposure. *See e.g. Wilson v. Johns–Manville Sales Corporation,* 684 F.2d 111 (D.C.Cir.1982).

IT IS THEREFORE ORDERED that defendants' motions for summary judgment are granted, judgment shall enter for defendants pursuant to this order, and all parties shall pay their own costs.