See also 714 F.Supp. 451.

**Rogene I. ARMSTRONG, individually, and Rogene I. Armstrong, as Personal Representative of the Estate of J. Robert Armstrong, Deceased, Plaintiff,**

**v.**

**Richard C. ARMSTRONG and Jean O. Armstrong, Defendants.**

**Civ. A. No. 86–B–1053.**

United States District Court, D. Colorado.

March 27, 1990.

John J. Keilbach, Preston, Altman, Parlapiano, Keilbach & Lytle, Pueblo, Colo., for plaintiff.

Robert E. Youle, Brian G. Eberle, Sherman & Howard, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Pending before me is: 1) Plaintiff Personal Representative's (PR) Motion for Reconsideration of my July 7, 1989 Order granting defendants leave to amend their counterclaim; 2) PR's Motion for Partial Summary Judgment Respecting Constitutional Challenge to Colorado Probate Code; 3) Defendants' Cross–Motion for Partial Summary Judgment; 4) Defendants' motion for protective order; 5) Defendants' motion to strike clerk's certification of judgment; and 6) PR's motion to dismiss Count III of her Complaint and defendants' counterclaims. The issues have been briefed and are ripe for determination. Jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332. At the January 10, 1990 status conference, I agreed to hold the remaining motions in abeyance pending ruling on PR's summary judgment motion. Since then, defendants cross-moved for summary judgment. Accordingly, oral argument on the cross-motions for summary judgment was heard Friday, March 23, 1990 at 2:00 p.m. The remaining motions have been submitted on the briefs. For the following reasons, I deny PR's motion for summary judgment and I also deny defendants' cross-motion for summary judgment. Further, I grant defendants' motion for protective relief and motion to strike the clerk's certification of judgment and deny PR's motion to dismiss Count III of her complaint.

## I. BACKGROUND.

J. Robert Armstrong (decedent or Bob) died on June 22, 1985. His wife, Rogene I. Armstrong, the personal representative of Bob's estate, filed this action against defendants on April 22, 1986. On June 13, 1986, defendant Richard C. Armstrong (Dick), filed a counterclaim against Bob's estate alleging, *inter alia*, that Bob improperly incurred expenses associated with running

cattle on the Bar H Ranch for his own benefit and that a proportionate share of operating expenses was not paid by those partnerships to the Bar H cattle operation. On June 26, 1986, PR filed a reply to the counterclaim which she sought to amend almost one year later. The Magistrate granted PR's motion to amend.

In her amended reply, PR contends that Dick's counterclaim is barred by the Colorado Probate Code, C.R.S. § 15–12–801 *et seq.*, for his failure to file timely any claim against Bob's estate. Subsequently, defendants filed their notice of claim of unconstitutionality in which they argue that the notice by publication provisions of C.R.S. § 15–12–801 *et seq.* violate known creditor's due process rights. PR moved to strike defendants' constitutional challenge to the Colorado Probate Code, which I denied in an Order entered June 7, 1989. PR now moves for partial summary judgment in her favor against defendants "on the ground that there is no issue as to any material fact and that defendants' constitutional challenge to the Colorado Probate Code should be dismissed as a matter of law." Defendants cross-move for summary judgment with respect to the timeliness of defendants' mismanagement and contribution counterclaims.

## II. PR'S MOTION FOR RECONSIDERATION OF ORDER ALLOWING DEFENDANTS LEAVE TO AMEND COUNTERCLAIM.

My July 7, 1989 Order states:

Defendants also seek to amend their counterclaim. They contend that plaintiff will not be prejudiced and no delay will occur because no trial date has been set in this case and no further discovery will be needed on the counterclaim as amended. Therefore, pursuant to Fed.R.Civ.P. 15(a), the Court grants defendants leave to amend the counterclaim.

PR contends that I should reconsider my July 7, 1989 Order and deny defendants leave to amend their counterclaim because: 1) "[t]he Estate of J. Robert Armstrong did not sue Jean Armstrong for anything" and therefore Jean Armstrong cannot have a counterclaim against the Estate; 2) pursuant to Fed.R.Civ.P. 13(f), the counterclaim is improper; and 3) additional discovery will be required. I grant PR's motion for reconsideration.

Defendants seek to assert a contribution counterclaim which they contend did not arise until I entered judgment against them on June 7, 1989 on PR's promissory note claim. However, such a claim is premature.

Colorado law recognizes the right to contribution when one guarantor pays more than his proportionate share of the common obligation. *Taylor v. Hake,* 92 Colo. 330, 20 P.2d 546 (1933). Moreover, the right to contribution is based:

... not upon the instrument on which the guarantors have become liable, but upon the theory that when they signed such instrument, they impliedly agreed that if there should be any liability, each would contribute his *just proportion* of the amount for which they might be held liable.

*United States v. Immordino,* 534 F.2d 1378, 1382 (10th Cir.1976), *quoting,* 38 Am. Jur.2d *Guaranty* § 128 (1968). (Emphasis added). *See also, The Dow Chemical Corp. v. Weevil–Cide Company, Inc., et al.,* 897 F.2d 481, 483–84 (10th Cir.1990). "Contribution presumes the payment and extinguishment of the debt by one for the benefit of all." *Gardner v. Bean,* 677 P.2d 1116, 1118 (Utah 1984). "[A party] cannot obtain contribution in advance of his own performance, nor when he has performed no more than his proportionate share." *Id.*

Here, PR, decedent, and defendants executed the guaranty in January 1974. The guaranty was never revoked or cancelled. *See* June 6, 1989 Order, p. 6. When I entered my June 7, 1989 summary judgment Order in PR's favor against Dick, as co-maker, for the full amount of the note, and against Dick and Jean, as co-guarantors, jointly and severally, for 75 per cent of the note, defendants had knowledge that they might have a future claim for contribution. However, because defendants, as co-guarantors, have not yet paid more than their proportionate share on the

note, their counterclaim for contribution is premature. Accordingly, PR's motion for reconsideration is granted and leave to amend defendants' counterclaim will be denied.

## III. DEFENDANTS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT.

Because I have granted PR's motion for reconsideration, defendants' motion for summary judgment that their contribution counterclaim is timely as a matter of law is moot.

■ However, defendants also move for summary judgment on the timeliness of their mismanagement counterclaim. Defendants contend that their mismanagement counterclaim did not arise until after the present suit was filed in April 1986, and because the counterclaim was filed on June 13, 1986, less than two months after it arose, it is timely as a matter of law under the Colorado Probate Code, C.R.S. § 15–12–803(2)(b). That section provides that a claim against a decedent's estate "which arise[s] at or after" the decedent's death "whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis," is barred unless presented "within four months after it arises." 15–12–803(2)(b), C.R.S. (1987 Repl.Vol. 6B). The statute was intended to promote speedy and efficient settlement of decedents' estates. *In re Estate of Daigle*, 634 P.2d 71 (Colo.1981). However, because the time is so short and the statute operates to bar substantive claims, *Barnhill v. Public Service Co.*, 649 P.2d 716 (Colo.App.1982); *aff'd*, 690 P.2d 1248 (Colo.1984), it is strictly construed in favor of permitting consideration of all legitimate claims. *In re Estate of Scott; Brice v. Wood*, 735 P.2d 924 (Colo.App.1986).

■ Whether a party knew, or with reasonable diligence should have known, of a cause of action normally is a question of fact for the jury. *See Miller v. Celotex Corp.*, 708 F.Supp. 306, 307 (D.Colo.1989). However, where there is no genuine issue of material fact that a party discovered or

reasonably should have discovered another party's wrongful conduct as of a particular date, the issue may be decided as a matter of law. *Id.*

■ Here, defendants argue that there is no genuine issue of material fact that: 1) from 1973, Dick and Bob were general partners in the Bar H Ranch; 2) after January 1982, Dick did not receive any information regarding cattle being run on the Bar H; 3) after Bob's death, his son, Greg, was responsible for the cattle operation; and 4) Dick had no knowledge of mismanagement until after the present action was filed in April 1986.

In her response to defendants' motion, however, PR presents evidence which suggests that: 1) Dick remained a general partner of the Bar H in 1985; 2) Dick was aware that "other" cattle were being run on the Bar H; and 3) Dick received financial information before Bob died indicating that the Bar H was undersecured by more than $100,000.

Based upon the showing made in the cross-motion for summary judgment and response, I conclude that issues of material fact exist as to when defendants knew or should have known of the mismanagement counterclaim, and that the issue is appropriate for jury determination.

## IV. PR'S MOTION FOR PARTIAL SUMMARY JUDGMENT.

■ PR contends that there is no genuine issue of fact that defendants and their attorneys had actual knowledge of the estate's existence and the time requirements for filing claims against the estate. PR further argues that even if defendants did not have actual notice, as a matter of law they were not "reasonably ascertainable creditors," and not entitled to actual notice. Therefore, PR asserts that summary judgment should enter barring the mismanagement counterclaim as untimely. I disagree.

In *Tulsa Professional Collection Services, Inc. v. Pope (Pope)*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), the Supreme Court struck down as unconstitutional a two month notice-by-publication

provision in an Oklahoma probate statute. The Supreme Court held that if a party's "identity as a creditor was known or 'reasonably ascertainable,' then the Due Process Clause requires that [the party] be given 'notice by mail or other means as certain to ensure actual notice [that their untimely claims against the estate may be barred].'" *Id.* 485 U.S. at 491, 108 S.Ct. at 1348, 99 L.Ed.2d at 579 (quoting *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983)).

PR contends that Dick had actual knowledge of the estate because: 1) Dick has business experience in banking and a Harvard education; 2) Dick has experience as co-executor of his father's estate; 3) Dick had actual knowledge of the existence of the decedent's estate in sufficient time to file his claims; and 4) Dick was being represented by counsel in his dealings with PR.

However, based upon the Supreme Court's holding in *Pope, supra*, I conclude that the relevant inquiry is not whether defendants had actual knowledge that decedent's estate was open, but rather, whether defendants had actual notice of the deadline for filing claims against decedent's estate. I further conclude that issues of material fact exist as to whether defendants had such actual notice.

PR further contends that defendants were not known or 'reasonably ascertainable' creditors, and therefore, not entitled to actual notice. In *Mennonite, supra*, the Supreme Court held that "[n]otice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, whether unlettered or well-versed in commercial practice, if its name and address are reasonably ascertainable," by the exercise of reasonably diligent efforts. *Id.* at 800, 103 S.Ct. at 2712 (emphasis in original). Whether a party is reasonably ascertainable will vary in different circumstances. *See Small Engine Shop, Inc. v. Cascio*, 878 F.2d 883, 889 (5th Cir.

1989); *See also Davis Oil Co. v. Mills*, 873 F.2d 774, 788–91 (5th Cir.1989).

Here, PR was aware of defendants' identities and address. She was also aware of dissention between Dick and Bob. There is no evidence, however, to indicate that defendants were known creditors or that PR made reasonably diligent efforts to ascertain whether defendants had any potential claims against Bob's estate. *Pope*, 485 U.S. at 1348, 108 S.Ct. at 491, 99 L.Ed.2d at 579. On the other hand, defendants had actual knowledge of Bob's death and the estate's existence. Also, defendants were represented by counsel in their dealings with PR. Given this conflicting evidence, I conclude that questions of material fact exist as to whether defendants were known or reasonably ascertainable creditors and whether they had actual notice of the time limits for filing claims against Bob's estate.

## V. DEFENDANTS' MOTION FOR PROTECTIVE ORDER.

■ This case was scheduled for trial to begin on March 20, 1989. In July 1988, PR filed a motion for summary judgment on Count I of her complaint. On February 17, 1989, PR filed an uncontested motion to continue trial in which she sought a continuance of the trial date pending resolution of her motion for summary judgment. Defendants indicated, and the uncontested motion states, that they would concur in a continuance:

> "PROVIDED THAT Plaintiff Rogene I. Armstrong agree that if she prevails on her Motion for Summary Judgment, the Court Order granting the Summary Judgment *shall not be considered a final judgment for purposes of execution or appeal* until the issues involved in Plaintiff's Count 2 and Defendant Richard C. Armstrong's Counterclaim be resolved at the Trial Court level (e.g., settled, dismissed, or reduced to Judgment by the Court.)

PR agreed to defendants' condition and the trial was continued.

I granted PR's motion for summary judgment on the first claim of her complaint on June 6, 1989. Later I entered an

Amended Judgment addressing only Count I of the complaint.

On Saturday, July 29, 1989, defendant Jean Armstrong was served with Fed.R. Civ.P. and C.R.C.P. 69 "Interrogatories to Judgment Debtor Jean O. Armstrong." Dick was simultaneously served with an essentially identical set of Rule 69 interrogatories.

Defendants contend that the Amended Judgment was not final and there was no legal basis for service of Rule 69 interrogatories. I agree.

Finality is controlled by Fed.R.Civ.P. 54(b). That rule provides that a judgment which "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is subject to revision and, therefore, is not final in the absence of a determination that "there is no just reason for delay and upon an express direction for the entry of judgment."

Here, the Amended Judgment entered by the Court on July 7, 1989 addressed only Count I of PR's complaint. Moreover, PR expressly agreed that the Amended Judgment would not constitute a final judgment for purposes of execution or appeal. PR's contention that this case involves "two separate lawsuits" is without merit. I therefore conclude that the Amended Judgment does not constitute a final judgment. *See Bristol v. Fibreboard Corp.*, 789 F.2d 846, 848 (10th Cir.1986).

Fed.R.Civ.P. 69(a) provides that "[t]he procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held...." Colorado law provides that written interrogatories to a judgment debtor may be issued and served only "after entry of a final money judgment." C.R.C.P. 69(d). The parties have not cited, and I have not found, any Colorado case law interpreting the term "final judgment" under Rule 69. However, because the Count I judgment has not been made final pursuant to Fed.R.Civ.P. 54(b) and because the parties' agreed that the Amended Judgment in this case would not

constitute a final judgment for purposes of execution or appeal, I conclude that PR cannot now pursue Rule 69 discovery. PR's contention that defendants have somehow waived their right to object to post-judgment discovery prior to the entry of a final judgment is without merit. Consequently, there was no substantial justification for serving Rule 69 interrogatories upon defendants.

Therefore, I further conclude that pursuant to Fed.R.Civ.P. 26(c) and 37(a)(4), defendants are entitled to an award of expenses, including attorney's fees, incurred in relation to their motion for protective order.

## VI. DEFENDANTS' MOTION TO STRIKE DISTRICT COURT CLERK'S CERTIFICATION OF AMENDED JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT.

■ Defendants move to strike the district court clerk's certification of amended judgment for registration in another district because it is premature and improper. This motion will also be granted.

Certification of federal court judgments for registration in another district is permitted "when the judgment has become final by appeal or expiration of the time for appeal." 28 U.S.C. § 1963. "A judgment may not be certified for registration, therefor, if the time for appeal has not yet expired." *In re Grand Jury Proceedings*, 795 F.2d 226, 230 (1st Cir.1986), *cert. denied*, 479 U.S. 1064, 107 S.Ct. 950, 93 L.Ed.2d 999 (1987).

On August 25, 1989, the Colorado District Court Clerk issued, at PR's request, a "Certification of Judgment for Registration in Another District" (certification). The certification states, *inter alia*, that "no notice of appeal from [the Amended Judgment] has been filed." However, defendants neither had nor could file an effective notice of appeal because the Amended Judgment was not final. *See Bristol v. Fibreboard Corp.*, 789 F.2d 846, 848 (10th Cir.1986).

## VII. PR'S MOTION TO DISMISS COUNT III OF COMPLAINT AND DEFENDANTS' COUNTERCLAIMS.

 Pursuant to Fed.R.Civ.P. 42, (which I will treat as a motion pursuant to Fed.R.Civ.P. 41(a)(2)), PR moves for dismissal of Count III of her complaint "only if" I first rule that defendants' counterclaims will also be dismissed with prejudice. Defendants object to PR's motion.

Fed.R.Civ.P. 41(a)(2) provides, in pertinent part, that

[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Under the circumstances here, I determine that Rule 41(a)(2) dismissal is improper.

Accordingly, IT IS ORDERED that:

1. PR's motion for reconsideration of the July 7, 1989 Order granting defendants leave to amend their counterclaim is GRANTED and leave to amend defendants' counterclaim is DENIED.

2. Defendants' motion for partial summary judgment on the timeliness of their contribution counterclaim is DENIED AS MOOT.

3. Defendants' motion for partial summary judgment on their mismanagement counterclaim is DENIED.

4. PR's motion for partial summary judgment on defendants' constitutional challenge to the Colorado Probate Code is DENIED.

5. Defendants' motion for protective order is GRANTED. Defendants need not respond to PR's interrogatories and PR is prohibited from pursuing any Rule 69 discovery until a final judgment is entered in this case. PR and her attorneys are ORDERED to pay defendants' reasonable costs and attorney's fees incurred in connection with this motion. Defendants are to file within 10 days of receipt of this Order their written bill of costs and time records pertaining only to the motion for protective order.

6. Defendants' motion to strike clerk's certification of judgment is GRANTED.

7. PR's motion to dismiss Count III of the Complaint and defendants' counterclaims is DENIED.