Raymond E. MILLER, Plaintiff–
Appellant,

v.

ARMSTRONG WORLD INDUSTRIES,
INC. (Successor to Armstrong Cork
Company, a Pennsylvania Corpora-
tion), Acands, Inc., a Delaware Corpo-
ration, Combustion Engineering, Inc.,
(Successor to M.H. Detrick Company &
Walsh Refractory, a Delaware Corpora-
tion), Fibreboard Corporation (Succes-
sor to Plant Rubber & Asbestos Co., a
Delaware Corporation), GAF Corpora-
tion (Successor to Ruberoid Corp., a
Delaware Corporation), National Gyp-
sum Company, a Delaware Corporation
(Successor to Keasby & Mattison Corp.,
a Delaware Corporation), Owens–Corn-
ing Fiberglass Corporation, a Delaware
Corporation, Pittsburgh Corning Cor-
poration (Successor to Unarco Indus-
tries, Inc.), Raymark Industries, Inc.,
(Successor to Raybestos–Manhattan,
Inc.), Turner & Newall, Ltd. (Successor
to Keasby Mattison Corp.), a Public
Corporation Organized Under the Laws
of the United Kingdom, and United
States Gypsum Company, a Delaware
Corporation, Defendants,

and

The Celotex Corporation (Successor to
Phillip–Carey Manufacturing Corpora-
tion, a Delaware Corporation), Eagle–
Picher Industries, Inc., an Ohio Corpo-
ration, the Keene Corporation (Succes-
sor to Baldwin–Ehert Hill Co. and
Corp.), and Owens–Illinois, Inc. (Suc-
cessor to Owens–Illinois Glass Co., an
Illinois Corporation), Defendants–Ap-
pellees.

No. 90SA423.

Supreme Court of Colorado,
En Banc.

Sept. 16, 1991.

Williams & Trine, P.C., J. Conard Met-
calf, Michael A. Patrick, Jean E. Dubofsky,
Boulder, for plaintiff-appellant.

White & Steele, William F. Campbell,
Denver, for defendant-appellee The Celotex
Corp.

Hutchinson, Black, Hill & Cook, William
D. Meyer, David M. Pąckard, John B.
Greer, Boulder, for defendant-appellee Ea-
gle–Picher Industries, Inc.

Pryor, Carney & Johnson, W. Randolph
Barnhart, Peggy S. Ball, Englewood, for
defendants-appellees The Keene Corp. and
Owens–Illinois, Inc.

Justice ERICKSON delivered the Opinion of the Court.

The United States Court of Appeals for the Tenth Circuit, pursuant to C.A.R. 21.1, certified the following question of law:

Does discovery of an initial asbestos-related disease (in this case asbestosis-related pleural disease manifested by pleural thickening and pleural calcification) trigger the running of a statute of limitations on a separate, distinct, and later-manifested disease (here asbestosis) engendered by the same asbestos exposure? [1]

We agreed to answer the question and we conclude the answer is no.

I

On June 9, 1987, plaintiff Raymond Miller filed a complaint for damages alleging that, as a proximate result of his exposure to the defendants' defective and unreasonably dangerous asbestos products, he had developed asbestosis, an asbestos-related disease.[2] The complaint also sought damages for increased risk of contracting lung cancer, pleural mesothelioma, peritoneal mesothelioma, laryngeal carcinoma, cancer of the alimentary canal and digestive tract, and cancer of the kidney caused by the inhalation and ingestion of asbestos dust and fibers.

The defendants moved for summary judgment pursuant to Fed.R.Civ.P. 56, contending that Miller was advised of a diagnosis of asbestosis in October 1981, October 1983, and April 1984, *see Miller v. Celotex Corp.*, 708 F.Supp. 306, 308–09 (D.Colo.1989), and that the statute of limitations bars prosecution of his claim for relief as a matter of law.[3] Miller responded that although he was diagnosed with

1. The factual and procedural background is set forth in the district court opinion. *Miller v. Celotex Corp.*, 708 F.Supp. 306 (D.Colo.1989). The narrow issue in this case has not been addressed by this court. We have been advised by the Tenth Circuit of the decisions reached in other jurisdictions. *See Joyce v. A.C. & S., Inc.*, 785 F.2d 1200, 1203–15 (4th Cir.1986) (applying Virginia law); *Ross v. Johns–Manville Corp.*, 766 F.2d 823, 826 (3d Cir.1985) (applying Pennsylvania law); *Wilson v. Johns–Manville Sales Corp.*, 684 F.2d 111, 117–21 (D.C.Cir.1982); *Fearson v. Johns–Manville Sales Corp.*, 525 F.Supp. 671, 674 (D.D.C.1981); *Eagle–Picher Indus., Inc. v. Cox*, 481 So.2d 517, 520 (Fla.Dist.Ct.App.1985), *review denied*, 492 So.2d 1331 (Fla.1986); *VaSalle v. Celotex Corp.*, 161 Ill.App.3d 808, 813–14, 113 Ill.Dec. 699, 702–03, 515 N.E.2d 684, 687–88 (1987); *Smith v. Bethlehem Steel Corp.*, 303 Md. 213, 233, 492 A.2d 1286, 1296 (1985); *Larson v. Johns–Manville Sales Corp.*, 427 Mich. 301, 315–19, 399 N.W.2d 1, 7–9 (1986); *Fusaro v. Porter–Hayden Co.*, 145 Misc.2d 911, ——, 548 N.Y.S.2d 856, 859–60 (Sup.Ct.1989). We answer the question based upon our interpretation of Colorado law and do not rely upon the cases cited for our decision.

2. Affidavits by experts, which were submitted in opposition to the motion for summary judgment, set forth that asbestosis is a fibrosis (scarring) of the parenchyma (the substance of the lung). Because scarred lung tissue cannot pass oxygen into, or carbon dioxide out of, the blood, asbestosis can cause impaired breathing ability. Severe asbestosis may result in death.

Pleural thickening refers to the thickening of the visceral pleura (the thin transparent tissue surrounding the lung) and the parietal pleura (similar tissue lining the chest wall). The pleura is not a part of the structure of the lung, but rather provides an airtight capsule around the lung and a smooth surface for the lung to move against. Pleural calcification is manifested by pleural plaques, which are circumscribed areas of pleural thickening containing calcium. Pleural thickening and pleural calcification do not cause pain or impair breathing.

3. The defendants assert that Miller's claim for relief was barred under Colorado's two-year statute of limitations governing actions brought against a manufacturer. § 13–80–127.5(1), 6A C.R.S. (1977). Prior to 1986, section 13–80–127.5(1) provided:

Notwithstanding any other statutory provisions to the contrary, all actions except those governed by section 4–2–725, C.R.S.1973, brought against a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought, for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formula, installation, preparation, assembly, testing, packaging, labeling, or sale of any product, or the failure to warn or protect against a danger or hazard in the use, misuse, or unintended use of any product, or the failure to provide proper instructions for the use of any product shall be brought within two years after the claim for relief arises and not thereafter.

Section 13–80–127.5(1) was repealed in 1986 and sections 13–80–106 and 107, 6A C.R.S. (1987), now govern limitations of actions against manufacturers of products and manufacturing equipment.

benign pleural thickening and pleural calcification prior to 1983, he was not diagnosed as having asbestosis until 1985. Based on Miller's medical records and testimony contained in depositions and affidavits, the United States district court entered summary judgment for the defendants, finding that Miller knew or reasonably should have known facts essential to his claim against the defendants in September 1981, and no later than April 1984. *Id.* at 310. The district court did not address whether the "manifestation of a plaintiff's benign asbestos related condition triggers the running of the statute of limitations on any later manifested malignant asbestos related disease engendered by the same asbestos exposure." *Id.*

## II

■ In Colorado, the discovery rule provides that a "cause of action for injury to [a] person ... shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." § 13–80–108(1), 6A C.R.S. (1987). A claim for relief "does not accrue until the plaintiff knows, or should know, in the exercise of reasonable diligence, all material facts essential to show the elements of that cause of action." *City of Aurora v. Bechtel Corp.*, 599 F.2d 382, 389 (10th Cir. 1979) (applying Colorado law). The statute of limitations does not begin to run at the mere discovery of a physical process leading to an injury. *Financial Assoc. v. G.E. Johnson Const. Co.*, 723 P.2d 135, 138 (Colo.1986) (applying the discovery rule to improvement of real property). An exception exists, however, if the discovery is of a defect causing the injury, *id.;* but such is not the case here.

■ The appeal to the Tenth Circuit is from an order granting summary judgment. The relationship of pleural thickening and pleural calcification to asbestosis is a question of fact. In certifying the question of law, the Tenth Circuit stated:

We recognize that the relationship between asbestos-related pleural disease and asbestosis is a factual question. Be-cause this is an appeal from a summary judgment and there is conflicting evidence in the record, it must be assumed that asbestosis is separate and distinct from and not a complication of asbestos-related pleural disease. We thus respectfully request the Colorado Supreme Court to focus on the narrow legal issue of whether a statute of limitations begins to run anew for a separate, distinct, and later-manifested disease caused by exposure to asbestos. The number of asbestos-related disease cases pending in the United States District Court for the District of Colorado is substantial, and a decision by the Colorado Supreme Court on our certified question is expected to govern the ultimate disposition of a considerable portion of those cases.

Certification of Question of State Law from the United States Court of Appeals for the Tenth Circuit at 2–3. Accordingly, we assume, as the question does, that asbestosis is a separate and distinct disease.

Based on the statement of the certified question, knowledge of the existence of benign pleural thickening and pleural calcification does not constitute proof of the material facts or injury necessary to maintain a personal injury claim for asbestosis. The discovery of benign pleural thickening and pleural calcification does not trigger the running of the statute of limitations and may not be substituted for subsequent knowledge of the existence of a claim for asbestosis.

Accordingly, we answer the certified question in the negative.

VOLLACK, J., dissents, and ROVIRA, C.J., joins in the dissent.

Justice VOLLACK dissenting:

The majority holds the initial discovery of an asbestos-related disease does not trigger the running of a statute of limitations on a separate, distinct, and later-manifested disease caused by the same injury or exposure. Under the discovery rule in Colorado, a statute of limitations begins to run when the plaintiff knows of the injury or, by exercise of reasonable diligence, should

have discovered the injury. The majority creates a new concept in Colorado which would entitle an injured plaintiff to separate limitation periods each time a complication or change in condition occurred, without any subsequent negligence attributable to the defendant. In my opinion this is contrary to the plain reading of the statutes governing the limitation of personal actions. I therefore respectfully dissent.

## I.

The plaintiff, Raymond Miller (Miller), a 64-year-old male living in Colorado, worked as an insulator in New Jersey from 1946 to 1950, where he was exposed to products containing asbestos manufactured by the defendants. In June 1987, Miller filed suit in the United States District Court alleging that as a proximate result of his exposure to the defendants' asbestos products he developed asbestosis, an asbestos-related disease. An X-ray of Miller's chest taken on December 27, 1978, first indicated that he had asbestos-related pleural disease manifested by pleural thickening and pleural calcification. A consultation report by Miller's treating physician dated September 24, 1981, confirmed that Miller had asbestos-related pleural disease. Miller had additional CT scans of his chest in October 1981, October 1983, and April 1984; each of the three scans noted pleural disease evidenced by pleural thickening with associated calcification. Miller's physician, Dr. Teitelbaum, diagnosed Miller as having asbestosis on April 13, 1987. The defendants' witness, Dr. Repsher, reported on January 20, 1988, however, that his examination of Miller revealed no radiographic evidence of asbestosis.

Defendants moved for summary judgment pursuant to Fed.R.Civ.P. 56, contending that as a matter of law the applicable Colorado statute of limitations had expired before Miller filed his complaint. The district court found that under the former three-year statute of limitations, ch. 199, sec. 1, § 13–80–127.5(1), 1977 Colo.Sess.

Laws 819, Miller's claim began to run as early as September 1981, and no later than April 1984, and held that Miller's claim was barred, having not been filed within the three-year limitation period. The district court did not express any opinion on the question raised by the Tenth Circuit. *Miller v. Celotex Corp.*, 708 F.Supp. 306 (D.Colo.1989).

## II.

We must first review the statute governing the limitations question certified to this court. The statute applied to Miller's claim is found in chapter 199, section 1, § 13–80–127.5(1), 1977 Colorado Session Laws 819, which provided that:

> *all actions* ... brought against a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought, for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formula, installation, preparation, assembly, testing, packaging, labeling, or sale of any product, or the failure to warn or protect against a danger or hazard in the use, misuse, or unintended use of any product, or the failure to provide proper instructions for the use of any product *shall be brought within three years after the claim for relief arises and not thereafter.*

(Emphasis added.)[1] Because limitation of actions periods are creatures of statute, the date of accrual, for purposes of applying the statute of limitations, is a matter of statutory construction. In construing a statute, our primary task is to ascertain and give effect to the intent of the legislature. *Danielson v. Castle Meadows, Inc.*, 791 P.2d 1106, 1111 (Colo.1990); *Kane v. Town of Estes Park*, 786 P.2d 412, 415 (Colo.1990). To determine legislative intent, we look first to the plain language of the statute. *Danielson*, 791 P.2d at 1111; *Kane*, 786 P.2d at 415. Where the statu-

---

**1.** The General Assembly in 1986 shortened the statutory time from three years to two years.

§ 13–80–106(1), 6A C.R.S. (1987).

tory language is clear and unambiguous there is no need to resort to the interpretive rules of statutory construction. *E.g., Griffin v. S.W. Devanney & Co.,* 775 P.2d 555, 559 (Colo.1989). However, the statute must be read and construed as a whole so as to give consistent, harmonious, and sensible effect to all its parts. *E.g., Griffin,* 775 P.2d at 559.

The former section 13–80–127.5(1) unambiguously required that all claims for relief be brought within three years after the claim for relief accrued. The legislature defined when a cause of action accrues in section 13–80–108(1), 6A C.R.S. (1987), which provides that "[a] cause of action for injury to person, property, reputation, possession, relationship, or status shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence."

The word "accrue," when used in reference to a cause of action, refers to the time when an action vests or, more specifically, the date that damage is sustained and not the date when causes are set in motion which ultimately produce injury. *Black's Law Dictionary* 21 (6th ed. 1990). This court has held in prior cases that

> [n]egligence as used in the statute of limitations means the negligent act or acts which results in and gives rise to the [personal injury] claim. In other words, until the claimant has been injured or damaged by the alleged negligence, the statute of limitations does not commence to run. This position is consistent with the philosophy and rule of law expressed in *Owens v. Brochner,* 172 Colo. 525, 474 P.2d 603 [1970].

*DeCaire v. Public Serv. Co. of Colorado,* 173 Colo. 402, 407, 479 P.2d 964, 966 (1971).

## III.

The question posed is whether this court can reasonably infer from the statute on limitation of actions that the discovery of the initial asbestos-related disease also triggers the running of the statute on a separate, distinct and later-manifested disease. Contrary to prior decisions by this court and the plain language of the statute, the majority has answered the question in the negative. I dissent because the statute of limitations, which unambiguously provided that "all actions ... shall be brought within three years," cannot be interpreted to mean that each possible disease related to asbestos exposure has a separate limitations period. "If this is an unfair result, the remedy for its correction lies with the General Assembly" and not with this court. *Crownover v. Gleichman,* 194 Colo. 48, 574 P.2d 497, 499 (Colo.1977).

Limitation periods and accrual thereof are creatures of statute. The limitation periods for a given type of action reflect the legislature's judgment.

> Two considerations, particularly, motivate legislation placing time limitations on the commencement of litigation. The first, which may be designated *evidentiary,* relates to "the search for truth [which] may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise." The second, *repose,* concerns the potential defendant's interests in security against stale claims and in planning for the future without the uncertainty inherent in potential liability.

*Wilson v. Johns–Manville Sales Corp.,* 684 F.2d 111, 118–19 (D.C.Cir.1982) (footnote omitted) (emphasis in original) (quoting *United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979)). It is therefore apparent that the limitation period reflects the legislature's judgment that at a particular point in time " 'the right to be free of stale claims ... comes to prevail over the right to prosecute them.' " *United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 356–57 (1979) (quoting *Railroad Telegraphers v. Railway Express Agency,* 321 U.S. 342, 349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944)).

Whether pleural thickening is an injury is a question of fact, as is the date on which Miller discovered his injury resulting

from the exposure to asbestos. Once the injury and its cause were discovered, then, under the limitation of actions statute in effect, Miller had three years to assert "all actions" arising from his asbestos exposure. Thus, once an individual is on notice as suffering from an asbestos-related injury and there is a reasonable medical probability that other injuries may occur from the exposure, all probable injuries associated with the asbestos exposure should be pleaded and proved, and appropriate instructions for damages should be requested. *See Howell v. Celotex Corp.*, 904 F.2d 3, 5 (3d Cir.1990).

Although the statute may create difficulty in proof of damages when applied to asbestos-related diseases or other diseases characterized by extended latency periods, any changes in favor of asbestos or other latent-disease claimants must come from the General Assembly. I therefore dissent.

I am authorized to say that Chief Justice ROVIRA joins in this dissent.