46 F.3d 1135
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Don HLEBICHUK; Lawrence Haugen; Lauretta Hlebichuk; Judy
Haugen, Appellants,
v.
AMWAY CORPORATION, Appellee.
 No. 94-2224SI.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 15, 1994.
Filed: Jan. 20, 1995.
 
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BARNES,* District Judge.
 PER CURIAM.
 
 
 1
 Don and Lauretta Hlebichuk and Lawrence and Judy Haugen, distributors for Amway Corporation (Amway), purchased Telecharge telephones from Amway to install at truck stops and other public facilities. The Hlebichuks and the Haugens (collectively referred to as the distributors) negotiated the purchase and accepted delivery of the telephones in their home state, Colorado. The distributors soon discovered Amway had misrepresented the quality of the telephone equipment and service, the ease of installing the telephones, and the profitability of the Telecharge telephone business. After Amway failed to correct the problems with the telephones, the distributors filed this diversity action in federal district court in Iowa, asserting various claims for fraud, misrepresentation, unfair dealing, and breach of contract. The district court decided the Iowa borrowing statute required the distributors to comply with Colorado's three year statute of limitations. Finding all the distributors' claims had accrued by 1988 and the distributors did not file this lawsuit until 1992, the district court concluded the lawsuit was time barred and granted Amway summary judgment. The distributors appeal and we affirm.
 
 
 2
 On appeal, the distributors contend the Iowa borrowing statute does not apply in this case and thus the district court should not have applied Colorado's three year statute of limitations. We disagree for the reasons stated in the district court opinion. Alternatively, the distributors contend that even if the three year statute of limitations applies, the district court committed error in granting Amway summary judgment because there are genuine issues of material fact about when the distributors' claims accrued. We reject this contention, as well. The claims accrued when the distributors knew, or should have known by exercising reasonable diligence, all the material facts essential to show the elements of their claims. See Colo. Rev. Stat. Sec. 13-80-108(3), (6) (1987); Miller v. Armstrong World Indus., 817 P.2d 111, 113 (Colo. 1991) (en banc). The record shows that by 1988, the distributors knew the telephones were defective and suspected Amway had lied to them about several relevant matters, including the cause of the problems and the extent of the research Amway had conducted involving the telephones. Based on these undisputed facts, all the distributors' claims accrued by 1988. Thus, the district court correctly concluded the claims were time barred when the distributors brought this action in 1992.
 
 
 3
 Accordingly, we affirm the district court's grant of summary judgment to Amway.
 
 
 
 *
 The HONORABLE HARRY F. BARNES, United States District Judge for the Western District of Arkansas, sitting by designation